UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HAROLD HALIBURTION,

    Plaintiff,

v.                                                          Case No.  4:25-cv-232-TKW-MJF

WARDEN ACOSTA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Florida prisoner William Reeves (DC# 474227) has filed a petition for writ of mandamus purportedly as the "Attorney-In Fact" for another Florida prisoner, Harold Haliburton (DC #042739). Doc. 1. The petition seeks relief from: (1) Reeves's criminal conviction in Pinellas County Circuit Court Case No. 05-CF-02158; (2) Defendant Acosta's denial of Haliburton's formal grievance seeking to "read the 'Authorized Documentation' which supports the Warden's actions on September 30, 2024" relating to Haliburton's "transgender status;" and (3) the criminal conviction of a third prisoner, Derwin Reginald Lembrick, in Duval County Circuit Court Case No. 08-CF-11783. The undersigned recommends that this civil action be dismissed without prejudice because

Page 1 of 7

(1) Reeves cannot file pleadings on behalf of others; (2) to the extent the petition was filed by Haliburton and merely co-signed by Reeves, the petition was filed in the wrong venue; and (3) to the extent the petition was filed on Reeves's own behalf, the District Court lacks jurisdiction to entertain the petition.

I. **THE PETITION IS A NULLITY TO THE EXTENT REEVES FILED IT ON BEHALF OF HALIBURTON AND LEMBRICK**

Reeves mailed the mandamus petition, signed the petition as Haliburton's "Attorney-In-Fact," and attached a copy of Reeves's inmate trust fund account statement. Doc. 1 at 3, 5, 7, 8. Haliburton also signed the petition. *Id.* at 3. Lembrick did not sign the petition.

To the extent Reeves filed the petition on behalf of Haliburton and/or Lembrick, the filing is a nullity because Reeves is not a licensed attorney. "[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court." *Wheat v. United States*, 486 U.S. 153, 159 (1988); *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (the rights of parties to appear *pro se* is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of others).

## II.  THE PETITION WAS FILED IN THE WRONG VENUE TO THE EXTENT IT CHALLENGES HALIBURTON'S CONFINEMENT CONDITIONS AT RMC

To the extent the mandamus petition was filed by Haliburton personally, the petition was filed in the wrong venue. Haliburton is challenging confinement conditions at the Reception and Medical Center, namely, a "blanket ban" imposed by Defendant Acosta that affects Haliburton's transgender status. Doc. 1 at 2.

Venue for civil actions brought in district courts of the United States is governed by 28 U.S.C. § 1391(b), which provides:

> (b) **Venue in general**.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Northern District of Florida is not the proper venue for Haliburton's petition:

- The events or omissions giving rise to Haliburton's conditions-of-confinement claim occurred at the RMC. The RMC is located in Union County, Florida, which is in the Middle District of Florida and not in the Northern District of Florida.

- Haliburton does not identify Defendant Acosta's address, but Acosta presumably resides at or near the RMC, which is in the Middle District of Florida, not the Northern District of Florida.

- Any evidence relevant to Haliburton's "transgender status" is located where Haliburton is located—in the Middle District of Florida and not the Northern District of Florida.

- Any witnesses (including Haliburton) are located in the Middle District of Florida and not the Northern District of Florida.

When a civil action is filed in the wrong forum, the district court may dismiss it. 28 U.S.C. § 1406(a).

## III. THE NORTHERN DISTRICT OF FLORIDA LACKS JURISDICTION TO CONSIDER REEVES'S CHALLENGE TO HIS CRIMINAL JUDGMENT

To the extent the mandamus petition challenges Reeve's criminal judgment, Reeve's sole federal remedy is not through a mandamus or other civil action, but through a habeas corpus action under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Pickett v. Wise*, 849

F. App'x 904, 905 (11th Cir. 2021) (construing mandamus petition challenging prisoner's state prison sentence as a habeas corpus petition seeking relief under 28 U.S.C. § 2254) (citing *Preiser, supra*, and 28 U.S.C. § 2254(a)).

The statute governing habeas corpus petitions provides in relevant part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).

The Northern District of Florida has no connection to Reeves's criminal judgment. Reeves currently is confined at the RMC which is in the Middle District of Florida. The state court that convicted and sentenced Reeves in Case No. 05-CF-02158 is the Pinellas County Circuit Court, which is in the Middle District of Florida. *See* Doc. 1 at 6.

Because the Northern District of Florida is neither the district wherein Reeves is confined nor the district wherein he was convicted, the

District Court lacks jurisdiction to consider Reeves's application for habeas relief.[1] *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *McKinnon v. Warden, Holmes CI*, No. 24-10129, 2024 WL 3026017, at *1 (11th Cir. June 17, 2024) (Middle District of Florida lacked jurisdiction to review § 2254 petition because petitioner was convicted and incarcerated in counties outside of that federal judicial district (citing 28 U.S.C. § 2241(d))).

## IV. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice.
2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 15th day of May, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

---

[1] The same is true of Lembrick. Lembrick is incarcerated at the RMC in the Middle District of Florida. Lembrick was convicted in Duval County, which is in the Middle District of Florida. *See* Doc. 1 at 4.

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**